IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELSTON CRAIG THOMAS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-21-451-SLP |
| LONNIE LAWSON, Warden, | ) ) ) |
| Respondent. | ) |

**O R D E R**

Petitioner Elston Craig Thomas, a state prisoner appearing pro se, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Respondent filed a Motion to Dismiss [Doc. No. 7], to which Petitioner responded [Doc. No. 8] and filed two other motions [Doc. Nos. 9-10]. Before the Court is the Report and Recommendation [Doc. No. 12] issued by United States Magistrate Judge Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Green recommends the dismissal of the Petition without prejudice because Petitioner is ineligible "for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed" and thus cannot establish a due process violation. Okla. Stat. tit. 21, § 13.1.[1]  The Report and Recommendation also recommends that Petitioner's two other motions be denied.

---

[1] The Report and Recommendation found it unnecessary to address Respondent's other arguments in support of dismissal (i.e., failure to exhaust and statute of limitations).  See R. & R. [Doc. No. 12], at 4.

Petitioner filed a document entitled "Petitioner's Reply to Respondent's Motion to Dismiss" [Doc. No. 13] within the time period to object to the Report and Recommendation. Accordingly, the Court construes that filing as an objection. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court reviews de novo any portion of the Report and Recommendation to which Petitioner has made specific objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon de novo review, the Court concurs with the analysis set forth in the Report and Recommendation. Nothing in Petitioner's Reply changes the outcome of that analysis. Judge Green correctly concluded that Petitioner lacks a state-created liberty interest in credits to reduce his sentence and thus cannot establish a due process violation. *See Inuwa v. Lawson*, No. 21-6115, 2022 WL 16006, at *1-2 (10th Cir. Jan. 3, 2022) (denying certificate of appealability to state prisoner regarding alleged violation of due process based on earned credits and the 85% rule); *Nida v. Larson*, No. CIV-21-00450-PRW, 2021 WL 4554671, at *3 (W.D. Okla. Oct. 5, 2021) (holding that the petitioner failed to establish a due process violation based on the application of credits).

Additionally, Petitioner erroneously argues that because the court ordered Respondent to "file an answer, motion or other response" [Doc. No. 5], the court determined that relief to Petitioner was appropriate. This is incorrect and misconstrues Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.[2]

---

[2] *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (providing that a "district court may apply any or all of these rules to a habeas corpus petition not [brought under § 2254].").

2

Further, Petitioner's argument that Respondent should be found in civil contempt for filing a Motion to Dismiss and failing to "answer the allegations"[3] is also unavailing for the reasons articulated in the Report and Recommendation. *See* Pet'r's Reply [Doc. No. 13], at 2, 11; R. & R. [Doc. No. 12], at 5.[4]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED and Respondent's Motion to Dismiss [Doc. No. 7] is GRANTED. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal will be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that Petitioner's Motion to Object to the Admission of Attorney General's Motion to Dismiss Filed Out of Time 6/23/21 [Doc. No. 9] and Request for Default Judgment [Doc. No. 10] are DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.[5] A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason

---

[3] Although Petitioner's Reply [Doc. No. 13] points to Doc. No. 12 as the "Order to Respond," the order requiring Respondent to "file an answer, motion or other response" was filed at Doc. No. 5.

[4] Citations to submissions reference the Court's ECF pagination.

[5] A state prisoner seeking to appeal the denial of a habeas petition filed pursuant to 28 U.S.C. § 2241 must obtain a COA. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

IT IS SO ORDERED this 15th day of February, 2022.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE